Case 2:12-cv-09352-UA-MLG   Document 4   Filed 10/09/12   Page 1 of 2   Page ID #:13

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

AMANDA U. AJULUCHUKU,

    Plaintiff,                                         No. 12-cv-2173-MCE-CKD PS

    vs.

CHASE BANK,

    Defendant.                                 ORDER

_____/

        Plaintiff is proceeding in this action pro se and has filed a request to proceed in forma pauperis.. This proceeding was referred to the undersigned by E.D. Cal. L.R. 302(c)(21), pursuant to 28 U.S.C. § 636(b)(1).

        The federal venue statute requires that all civil actions filed in any district court be brought only in "(1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant is subject to personal jurisdiction at the time the action is commenced, if there is no district in which the action may otherwise be brought." 28 U.S.C. § 1391(a).

\\\\\

1

1   Plaintiff's pleading makes clear that the Eastern District of California is not the
2   proper venue in which to bring this case.  Both plaintiff and defendant reside in Los Angeles,
3   California and the alleged acts giving rise to the claim all occurred there.  Plaintiff's contention
4   that defendant's "corporate office" is located in New York does nothing to confer proper venue
5   in this district.  Dkt. 3; see Costlow v. Weeks, 790 F.2d 1486, 1488 (9th Cir. 1986) (where all
6   defendants resided in Alaska and "virtually all of the activity providing the basis of the complaint
7   took place" there, district court properly concluded that it lacked venue).  "The district court of a
8   district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it
9   be in the interest of justice, transfer such case to any district or division in which it could have
10  been brought."  28 U.S.C. § 1406(a).  This matter should have been brought in the Central
11  District of California, where all the parties reside and the allegations supporting the cause of
12  action occurred, and not the Eastern District of California.

13  Accordingly, in the interest of justice, IT IS HEREBY ORDERED that this case
14  be transferred to the District Court for the Central District of California.

Dated: October 9, 2012

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

CKD9